**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**/ DISTRICT OF COLUMBIA**



BRIDGEWATER PRODUCTS, INC.
CO-PATENT OWNERS US # 6,889,615, ET.AL
**Plaintiff(s)**
**v.**

PARTIES TBD ENGAGED IN MONITORING AN INVESTIGATOR
MIAMI-DADE COUNTY,
KAREN HOGAN-BRIDGEWATER,
COUNSEL FOR KAREN HOGAN-BRIDGEWATER,
HSBC MORTGAGE,
PAM BONDI,
KATHERINE FERNADEZ RUNDLE, STATE ATTORNEY- DADE
VICTORIA DEL PINO, JUDGE 11TH CIR FL,
FLORIDA DEPARTMENT OF CORRECTIONS,
WASHTENAW COUNTY, PROSECUTORS OFFICE
BENJAMIN GREENBERG, AUSA
ROGER S. PENSKE,
DETROIT DIESEL aka DAIMLER, A. G.,
PENSKE TRUCK LEASING,
STATE OF FLORIDA,
STATE OF MICHIGAN,
UNITED STATES GOVERNMENT, ET AL
**Defendant(s)**

## COMPLAINT AND REQUEST FOR JURY TRIAL

Now come plaintiff to bring this complaint of Fraud and Extortion against defendants under 18 USC

>1011 Fraud , and 18 USC> 878 Extortion, and 18 USC 2384 Seditious conspiracy.   Where defendants

sought and failed to refund, payments secured by threat of force, without statutory support for their

actions,and with full knowledge of criminal intent in securing payments, and after at least 8 requests for

refund.


Plaintiff acting on behalf of the United States Attorney General under 31 U.S.C. > 3730 (b)(1) the False

Claims Act and under 18 U.S. C.> 1961 (7), and 1961 (10) Racketeering where sufficient acts under 18

U.S.C. >1509-1513 Obstruction and Witness Intimidation are documented to support indictment of

Defendant under 18 U.S.C> 1962 Racketeering, which is further supported by violations of 18 U.S.

C.>2384 Seditious Conspiracy,  and 31 U.S. C.>3729-30 the False Claims Act., and 15 U.S.C.>1-15

Antitrust Laws, where no defendant can claim benefit of the illicit acts of another defendant where cooperation has been claimed, and/or where (governmental defendants) may be offered immunity in exchange for testimony.

**Preamble of 18 U.S.C>1961**

As used in this chapter—

(1)"racketeering activity" means (A) any act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance or listed chemical (as defined in section 102 of the Controlled Substances Act), which is chargeable under State law and punishable by imprisonment for more than one year; (B) any act which is indictable under any of the following provisions of title 18, United States Code: Section 201 (relating to bribery), 1344 (relating to financial institution fraud),  section1509 (relating to obstruction of court orders), section 1510 (relating to obstruction of criminal investigations),  section 1512 (relating to tampering with a witness, victim, or an informant), section 1513 (relating to retaliating against a witness, victim, or an informant),

## COUNT 1
### 18 USC § 1962 - Prohibited activities

(a) It shall be unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity or through collection of an unlawful debt in which such person has participated as a principal within the meaning of section 2, title 18, United States Code, to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce. A purchase of securities on the open market for purposes of investment, and without the intention of controlling or participating in the control of the issuer, or of assisting another to do so, shall not be unlawful under this subsection if the securities of the issuer held by the purchaser, the members of his immediate family, and his or their accomplices in any pattern or racketeering activity or the collection of an unlawful debt after such purchase do not amount in the aggregate to one percent of the outstanding securities of any one class, and do not confer, either in law or in fact, the power to elect one or more directors of the issuer.

(b) It shall be unlawful for any person through a pattern of racketeering activity or through collection of an unlawful debt to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.

(c) It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

(d) It shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section.

*(a) It was unlawful for all defendants, including owners of Detroit Diesel Corp., who have received income derived, directly or indirectly, from a pattern of racketeering activity or through collection of an unlawful debt in which such person has participated as a principal within the meaning of section 2, title 18, United States Code, to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce. A purchase of securities on the open market for purposes of investment, and without the intention of controlling or participating in the control of the issuer, or of assisting another to do so, shall not be unlawful under this subsection if the securities of the issuer held by the purchaser, the members of his immediate family, and his or their accomplices in any pattern or racketeering activity or the collection of an unlawful debt after such purchase do not amount in the aggregate to one percent of the outstanding securities of any one class, and do not confer, either in law or in fact, the power to elect one or more directors of the issuer.*

*(b) ) It was unlawful for all defendants, including owners of Detroit Diesel Corp. and/.or Penske truck Leasing through a pattern of racketeering activity or through collection of an unlawful debt*

*to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.*

*(c) ) It was unlawful for all defendants, lincluding owners of Detroit Diesel Corp or anyone employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.*

*(d) ) It was unlawful for all defendants, including owners of Detroit Diesel Corp to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section, where  multiple violations committed or caused by defendants, owners of  Penske Truck Leasing, of 18 U.S.C>1509-1513,   18 U.S.C. > 2384,   15 U.S.C. > 1-15, and  31 U.S.C>3729-30  where each and every violation listed in this motion benefited Daimler A.G. , Roger S. Penske, and/or the persons owning Detroit Diesel Corporation illegally by allowing concealment  and/or  furtherance of False Claims payments directly or indirectly  to defendants Daimler A.G., Detroit Diesel Corporation, constituting the collection of an unlawful debt, which violates the prohibited activity of the 18 U.S.C.>1962 statute and  violation of 15 U.S.C.>1-15* Antitrust Laws, where racketeering activity blocked plaintiffs income, and where no defendant can claim benefit of the illicit acts of another defendant where cooperation has been claimed.

## COUNT 2
### 18 USC>2384 Seditious Conspiracy

If two or more persons in any State or Territory, or in any place subject to the jurisdiction of the United States, conspire to, or oppose by force the authority thereof, or by force to prevent, hinder, or delay the execution of any law of the United States, or by force to seize, take, or possess any property of the United States contrary to the authority thereof, they shall each be fined under this title or imprisoned not more than twenty years, or both.

*Two or more persons, all named defendants, including and/or owners of Detroit Diesel Corp., and or Penske Truck Leasing, in a State or Territory, or in a place subject to the jurisdiction of the*

*United States, conspired to, and/or opposed by force the authority thereof, and/or by force prevented, hindered, or delayed the execution of a law of the United States, by violating 18 U.S.C>1509-1513, 15 U.S.C. > 1-15, and  31 U.S.C>3729-30,  by committing or causing to be committed the*

Defendants after removal of a State case 07-2607-DM to federal court was secured ( Ex. B),  did collect fraudulently payment from 2004-2014  (Ex C1-C4,C6) in support of a bogus mortgage which was not secured per MI law, or under 42 USC 1981, and collected by mail, and falsely evicted plaintiffs, (Ex.6) causing additional expense( Ex C8) and employed the auspices of State of Michigan Courts at Washtenaw County including 22nd Cir MI & 14 A MI, to sell property defendants had no legal right to, where Paul Bridgewater had not quit claim, and his name was on the deed (Ex. C5) and where default of loan was secured in 09-20369-FLSD and related.

And/or

Defendants fraudulently prosecuted plaintiffs for trespass and home invasion, felonies, where plaintiffs owned the property, and no court had legally removed ownership, and where there was no mortgage on the subject property, and where plaintiffs name was on deed, and where plaintiff was also covered by federal subpoena to be on property, and where the State had failed to answer complainnts regarding rights to the property after several notices, and the state lacked jurisdiction to rule on property, and where the state was a default;ted defendant in related matters in EDMI.

And /or

The State of Florida charged plaintiff for probation fees when the mMichigan judge in his order said federal plaintiff could report by mail, and Florida had no authority to alter tha ruling, and where the Washtenaw probations office had no authority to alter that ruling, and monies illegally were collected without statutory support in a cases that had no legal basis  (Ex D1-D4), and/or

Defendants charged bond payment in a case 14-7289 11th Cir FL for release, with threat of continued illegal imprisonment for charges regarding stoppage /damage of a a USDOT FTA Infrastructure Investment where the federal investigator / plaintiff has the authority to stop not only 1 transit coach but suspend all transit operations for a given transit agency, and defendants interfered with the execution of federal investigative authority without statutory support as defaulted defendants and refused to answer federal complaints and/or removal of state claims reguarding the same (Ex. E1-E2) and related and/or

And where defendants where noticed with request to refund these fraudulently collected amounts, collected in violation of 18 USC>1011, 18USC>878, and 18 USC>2384, by email, and counter appearances, and office visits, and court record, and their own policies, have failed to refund these monies as part of a criminal conspiracy against plaintiffs in violation of 15USC>1-15 and related have met the requirement to be imprisoned, and to surrender in judgment the over $465,000 in refunds requested and /or

*where each violation benefited the persons owning Detroit Diesel Corporation illegally by allowing concealment and/or furtherance of False Claims payments directly or indirectly to defendants, Daimler A.G., Detroit Diesel Corporation, and violation of 15 U.S.C.>1-15 Antitrust Laws, by using seditious activity to blocked plaintiff's income, and where no defendant can claim benefit of the illicit acts of another defendant where cooperation has been claimed and, defendants and/or owners of Detroit Diesel Corp., and or Penske Truck Leasing, shall each be fined under this title or imprisoned not more than twenty years, or both.*

**Wherefore,**

This Plaintiff request this honorable court and the Office of U.S. Attorney General grant this motion for Summary Judgment per Rule 56(d) and under 15 U.S. C.>1-15 Antitrust Law against **ALL NAMED DEFANDANTS** for IMMEDIATE PAYMENT OF $465,000, and ULTIMATE PAYMENT not less than $98 TRILLION U.S. Dollars,  in keeping with their portion of 2019 treble damages , with free and clear release of all debts, and/or liens against  Plaintiffs, Plaintiff's corporations, their families, successors or assigns.

And,

Plaintiff on behalf of the United States has filed formal charges in keeping with this indictment with conclusion of investigations permitting prosecution of those involved.  Where Karen Hogan-Bridgewater could be offered immunity in exchange for testimony.

Respectfully submitted,

Paul Bridgewater for ~~USAG~~ BRIDGEWATER PRODUCTS, INC & USAG

Per 31USC>3729-30,  &  15 USC>1-15,  &  18 USC>1961-2

14261 NW 23 PL
OPA - LOCKA, FL  33054